28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mel M. MARINKOVIC, Plaintiff-Appellant,
v.
James H. DAVIS, Defendant-Appellee.
 No. 92-55153.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 10, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mel Marinkovic appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 18 U.S.C. Sec. 1962 action against his former attorney. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 4
 Marinkovic brought a Racketeer Influenced and Corrupt Organizations Act (Rico) action against his former attorney. Marinkovic alleged that his attorney billed him for costs which were "never incurred or never paid as their attorney, or knowingly never should have incurred or paid," and that his attorney "improperly withheld jury verdict money" and used it in unlawful business activities, such as the attorney's law firm.
 
 
 5
 The district court's dismissal under Sec. 1915(d) was proper because the complaint is frivolous. See Neitzke, 490 U.S. at 324-25. First, although Marinkovic appears to allege that his attorney conspired to collect an unlawful debt, the Rico statute defines "unlawful debt" as gambling related, or a debt which is unenforceable because of the usury laws. Marinkovic does not raise such allegations. See 18 U.S.C. 1961(6). Second, a single fraud with a single victim, as alleged here, is insufficient to meet the "pattern of racketeering" required under Rico; there must be a threat of continuing activity. See 18 U.S.C. 1961(5). Accordingly, the district court did not abuse its discretion by dismissing this action as frivolous. See Denton, 112 S.Ct. at 1734.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3